UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SKYLAND INVESTMENTS, LLC, : | |
| : | Civil Action No. 07-5844 (KSH) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | ORDER ON INFORMAL APPLICATION |
| CHICAGO TITLE INSURANCE, CO., : | |
| : | |
| Defendant : | |

This matter having come before the Court on the application of Thomas & Humphrey ["the movant"], attorneys for defendant, for the pro hac vice admission of Peter Strojnik, Esq., ["counsel"], pursuant to Local Civ. R. 101.1;

and the Court having considered the declarations in support of the motion, which reflect that counsel satisfies the requirements set forth in Local Civ. R. 101.1(c)(1);

and the Court being advised that while defendant takes no position on the request, see Declaration of Christopher C. Humphrey, dated December 10, 2007, at ¶ 4, defendants have advised the Court that counsel was involved in the underlying action and may be a potential witness and if he is a witness, he may be precluded from serving as trial counsel;

and Rule of Professional Conduct 3.7 clearly stating that "[a] lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issues; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client," R.P.C. 3.7;

and while it is not yet apparent whether or not the testimony would involve a contested

issues, the Court determining that measures should be put in place to ensure that there is no disruption in the proceedings or hardship to the client if counsel is likely to be a necessary witness;

and Court therefore granting counsel's pro hac vice admission for the purpose of participating in pretrial proceedings and precluding him from serving as an attorney at trial if he likely to be a necessary witness;

and the Court reminding the movant that it is responsible for the conduct of counsel;

and to ensure there is continuity of representation and no delays in the proceedings, the movant will be required to serve as trial counsel whether or not counsel is a fact witness and hence will serve as trial counsel with counsel even if he is not a witness;

and for good cause shown,

IT IS ON THIS 17th day of December, 2007

**ORDERED** that the application for the pro hac vice admission of counsel [Docket Entry No. 23] is granted as follows: counsel shall be permitted to participate in all pretrial proceedings and he shall be precluded from serving as counsel at trial if he is likely to be a necessary witness. The movant shall serve as trial counsel whether or not counsel is fact witness;

**IT IS FURTHER ORDERED** that counsel shall abide by all rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting counsel's standing at the bar of any court;

**IT IS FURTHER ORDERED** that counsel is deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions against counsel that may arise from counsel's participation in this matter;

**IT IS FURTHER ORDERED** that the movant shall (a) be attorneys of record in this

case in accordance with Local Civil R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon counsel; (c) sign (or arrange for a member of the firm admitted to practice in New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings; and (e) be responsible for the conduct of the cause and counsel in this matter;

**IT IS FURTHER ORDERED** that counsel shall make payments to the New Jersey Lawyer's Fund for Client Protection, pursuant to N.J. Court Rule 1:28-2, for each year in which counsel represents the client in this matter;

**IT IS FURTHER ORDERED** that counsel shall each pay $150.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with Local Civ. R. 101.1(c)(3); and

**IT IS FURTHER ORDERED** that all terms of the Orders entered in this case, including all deadlines set forth therein, shall remain in full force and effect and no delay in discovery, motions, trial or any other proceeding shall occur because of the participation of counsel or their inability to be in attendance at proceedings.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**