# EXHIBIT C

| | |
|---|---|
| From: | O'Donnell, Michael |
| Sent: | Friday, December 15, 2006 6:45 AM |
| To: | 'greg@crane.net'; 's.laskero@cox.net'; Freijomil, Derrick; 'tnhomesrus@yahoo.com'; 'Donna.Sullivan@fnf.com'; 'scott.sumner@ctt.com' |
| Subject: | Re: 41-81 Clark Road, Bernardsville, New Jersey - Escrow #500397 - Policy # 72107-2576598 |

Mr crane

I will respond to your email this morning.

Michael o'donnell


IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. You are prohibited from copying, distributing or otherwise using this information if you are not the intended recipient. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank You. Riker Danzig Scherer Hyland Perretti LLP One Speedwell Ave Morristown, NJ 07962 (973) 538-0800 www.riker.com

-----Original Message-----
From: Greg Crane <greg@crane.net>
To: O'Donnell, Michael <MODONNELL@RIKER.com>; s.laskero@cox.net <s.laskero@cox.net>; Freijomil, Derrick <dfreijomil@RIKER.com>; Charlie Soehnlein <tnhomesrus@yahoo.com>; Donna Sullivan <Donna.Sullivan@fnf.com>; scott.sumner@ctt.com <scott.sumner@ctt.com>
Sent: Thu Dec 14 22:49:42 2006
Subject: RE: 41-81 Clark Road, Bernardsville, New Jersey - Escrow #500397 - Policy # 72107-2576598

Hello Michael,


Thank you for providing the attached information and I sincerely appreciate your quick response.


I will make sure that Buyer and the Seller are fully aware of the attached Order restricting James Licata, Cynthia Licata, Peter Mocco, Lorrain Mocco, SWJ Holdings, LLC and their affiliated entities and their respective agents, servants, and attorneys from alienating, selling, transferring or encumbering any interest that they have in a list of properties which include the property located at 41 & 81 Clark Road, Bernardsville, New Jersey, as well as and EMP's letter which states that EMP has not sold, assigned or otherwise transferred its interest in the mortgage on the 41 & 81 Clark Road properties. In fact, I have CC'ed the Buyer and our broker on this response so that they are aware of your response and the issues at hand and so that you know that no information is being withheld from the Buyer.


The attached Order and or letter from EMP do not appear to in any way effect or be binding upon the Seller Sky Land Investment, LLC.'s interest. The Order does not name them the Seller, nor does it pertain to or mention the 1st position mortgage that is described in the current attached title Policy. The closest that the Order comes is to prevent the above restricted parties from selling, transferring or further encumbering any of the actual property's located at 41 & 81 Clark Road, or the other assets included in the Order. As for the letter from EMP, the chain of assignments outlined in Schedule A, Section 4 of the Policy listing the lineage of the creation of the mortgage and all subsequent assignments from the creation through to the Seller, Sky Land Investments, LLC does not list or include EMP.

1

The current Buyer of this mortgage is an Attorney who has completed significant research and due diligence pertaining to the Mortgage and its related issues. Both parties are well aware that there is significant ongoing litigation involving the Mocco and other parties and that the claims are numerous and seemingly ever changing. This is one of the reasons that the Assignment of Mortgage specifically states that the Seller "does hereby assign, transfer and set over, without representation, warranty or recourse of any kind whatsoever, other than as specifically provided herein, unto the Assignee, all of the Assignor's right, title and interest in and to that certain mortgage ". It is clear by reviewing the chain of assignments outlined in Schedule A, Section 4 of the title Policy and by the representations and warranties included in the Policy itself, that the Seller has been assigned rights to the Mortgage and has rights as Named Insured on such policy.

It is also my understanding that Chicago Title is only acting as a neutral 3rd party, facilitating the transfer of funds from one party to the other in exchange for the Assignment of Mortgage, and then updating its own existing Policy to properly reflect the Assignee as the Named Insured. This is not a case whereby Chicago Title is deciding to insure; issue or increase the coverage of a policy and no additional insurance is being requested.

Chicago Title should not act in favor one party over the other, nor should Chicago Title be involved in dictating the terms, disclosure and/or other issues between the parties. Chicago Title should not attempt to influencing any party directly or indirectly to proceed or not to proceed with a purchase or sale of an asset. Chicago Title should also not attempt to influence the outcome of a sale or potential sale though outside 3rd parties, disclose any information pertaining to an escrow or potential sale to 3rd parties or cause or influence events to occur which may in any way deter such a sale or directly or indirectly influence a party. Any such attempts or actions would most likely place Chicago Title in a position of liability.

In fact, if Chicago Title refuses to act accordingly, without bias and in good faith, it is my opinion that Chicago Title would effectively at a minimum be making a statement and/or an acknowledgment that, 1. the title to the estate or interest described in Schedule A is vested other that stated in the policy, 2. that there is a defect in or lien or encumbrance on the title, 3. that the title is unmarketable, 4. that there is an issue with the validity or enforceability of the lien of the insured mortgage upon the title, 5. that there is a priority of the lien of the insured mortgage over the lien of the insured mortgage, 6. that there is an issue with the validity or enforceability of an assignment shown in Schedule A, and/or 7. that their is a failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

I sincerely hope that 1 through 7 above is not the case because I have several buyers for this mortgage at amounts greater than the current Policy amount of $2,000,000. In fact, I just received another offer today from a party that has just completed a substantial and expensive due diligence process and is now ready, willing and able to pay more that the current Buyer that the Seller is currently in escrow with. The new buyer has stated that if the current Buyer does not complete the transaction that they will fund and close on or before December 22, 2006.

May I assume by your last sentence in your email, that now that both the Buyer and Seller are fully aware of the Attached, that the Buyer and Seller can now immediately proceed with the completion of the necessary funding and the assignment of Sky Land Investments, LLC's interest in the Mortgage and Policy detailed in Chicago Title Policy number 72107-2576598 to the Buyer, and that the Policy will be cause to reflect the Buyer as the Named Insured?

I realize that I may have gone above and beyond the scope of what was necessary to respond to your email and I ask that you to please keep in mind and consider that this matter is of great importance to the parties involved. There are many livelihoods, hard earned funds and thousands of hours of work at stake.

I am in no way trying to state that Chicago Title has any ill intentions or motivation at this time, but merely pointing out the issues and possible issues that I see could arise in the future, in an effort for all of us to avoid them. I fully understand

2

Chicago Title's desire to do the right thing, while at the same time limiting their risk, liability and exposure. Chicago Title is and always has been my first choice for title and escrow work, and I look forward to continueing to do business with Chicago Title in the years to come.

Again, thank you for your quick response to this most important issue. Please feel free to give me a call at any time.

Respectfully,

Greg Crane

602-377-3456

P.S. Congratulations on your Resolution Trust Corp. case. That is quite an accomplishment.

---

From: O'Donnell, Michael [mailto:MODONNELL@RIKER.com]
Sent: Thursday, December 14, 2006 3:44 PM
To: greg@crane.net
Cc: Freijomil, Derrick
Subject: 41-81 Clark Road, Bernardsville, New Jersey

Dear Mr. Crane:

I represent Chicago Title Insurance Company as to an ongoing investigation relating to title matters involving the properties of Peter and Lorraine Mocco and any liens and encumbrances put on those land by certain First Connecticut entities. Your e-mail today to Donna Sullivan on the potential sale by Sky Land Investments, LLC (the "Seller") of a mortgage on Lorraine Mocco's home at 41-81 Clark Road, Bernardsville, New Jersey (the "Property") to TTIG, LLC (the "Buyer") has just been referred to me. I will address your e-mail to Ms. Sullivan in more depth later. But, in the meantime, attached is a November 29. 2006 letter from counsel for EMP Whole Loan I ("EMP") stating that EMP has "not sold, transferred or assigned its interest in [its] mortgage" on the Property. Also attached is a November 27, 2006 Order of the Superior Court of New Jersey relating to the Property and enjoining further transfers and encumbrances on the Property by certain parties. At a minimum, the Buyer and Seller should be aware of the Order, EMP's claims, and the Moccos' claims as to subject mortgage and be guided accordingly.

Michael R. O'Donnell

RIKER, DANZIG, SCHERER, HYLAND &
PERRETTI

<<SDOC5476.pdf>>
Order

<<SDOC5475.pdf>>

3

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. You are prohibited from copying, distributing or otherwise using this information if you are not the intended recipient. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank You. Riker Danzig Scherer Hyland Perretti LLP One Speedwell Ave Morristown, NJ 07962 (973) 538-0800 www.riker.com