# EXHIBIT H

Peter Strojnik                          Page 1                              7/2/2007

THE LAW FIRM OF



## PETER STROJNIK
### A T T O R N E Y  A T  L A W

July 2, 2007

Chicago Title Insurance Company
Claims Department
171 North Clark Street
Chicago, Illinois 60601- 3294
*By first class mail only*

Michael O'Donnell, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
*By e-mail MODonnell@Riker.com and first class mail*

      Re:   Chicago Title Policy Number 72107-2576598, Sky Land Investments, LLC, insured (05-23-06 Endorsement)

Dear Sir or Madam at Chicago Title and Mr. O'Donnell:

I represent Sky Land Investments, LLC with respect to the above captioned title policy. Please consider this a formal notice of claim pursuant to Paragraph 3 of the Conditions and Stipulations of the Policy. This claim is based on the terms of the Policy number 72107-2576598, the facts and circumstances regarding the underlying mortgage and assignments, and the communications between the insurer and the insured, and their respective agents. The basis of this claim is not limited to the specific terms and conditions of the Policy reproduced below, nor to the facts or legal issues discussed, but on the entirety of the terms, facts, circumstances, communications between the insurer and the insured directly or through their agents and subject to all applicable laws.

In the correspondence from Mr. O'Donnell to Mr. Crane dated December 15, 2006, Mr. O'Donnell disclosed that (i) EMP Whole Loan I, LLC holds a claim adverse to the insured; and (ii) That an adverse claim is being asserted in *Titan Management, L.P. v. James Licata*, Cause No. ESX-C-280-98. Chicago Title's knowledge regarding these adverse interests was confirmed by Vincent J. Sharkey, Jr., Esq., Riker, Danzig, Scherer, Hyland & Perretti LLP in his e-mail to Mr. Crane dated December 26, 2006:

> As Mike has also discussed with you, however, facts have been brought to the attention of Chicago Title which might affect the validity, enforceability and/or priority of your mortgage, based upon matters alleged and pending in the consolidated New Jersey actions and bankruptcy action referred to in Mike's previous correspondence to you.

### Title Policy

The insuring clause provides insurance in the face amount of $2,000,000.00 against:

> Loss or damage...sustained or incurred by the insured by reason of:
>
> 1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
> 2. Any defect in or lien or encumbrance on the title;
> 3. Unmarketability of title;
> 4. ....
> 5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
> 6. The priority of any lien or encumbrance over the lien of the insured mortgage;
> 7. Lack of priority of lien...
> 8. The validity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment as shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The term "unmarketability of title" is defined as:

> [a]n alleged or apparent matter affecting the title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A or the insured mortgage to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

Schedule A describes the "insured mortgage and assignments thereof...as":

> Mortgage made by Lorraine Mocco, to First Connecticut Consulting Group, Inc. dated September 26, 1996, and recorded in the Somerset County Clerk/Register's Office in Mortgage Book 2693, Page 865 in the amount of $2,000,000.00. Said mortgage was amended and restated by two certain instruments both dated September 25, 1996 and recorded in Book 2699 Page 442 and Boo9k 2702 Page 339 of said records. Said mortgage was part of an

> Asset Purchase Agreement pursuant to Federal Bankruptcy Court approved action, in which said interest went to SWJ Holding, LLC. Said SWJ Holdings LLC assigned said mortgage, among others, to Cobra/Venture Equities, LLC. Said Cobra/Venture Entities, LLC subsequently assigned their interest in said mortgage to said Advertising Management and Consulting Services, Inc. Said Advertising Management and Consulting Services, Inc. finally assigned their interest in said mortgage to Sky Land Investment, LLC, a Nevada Limited Liability Company, which document in interest is the subject of this policy.

The endorsement to Schedule B, Section II, declares:

> This company has verified, through its due diligence, a) That the amount currently due and owing upon the subject mortgage, herein stated, with respect to the subject premises noted in this commitment is no less than $3,000,000.00; b) that the amount due and owing upon the subject mortgage constitutes a valid and enforceable first lien against the obligations of the mortgagor; and c) that the mortgagor has no apparent, enforceable defenses, offsets and or counterclaims with respect to the obligation secured by the subject mortgage.
> ***
> This endorsement is made a part of said policy or certificate and is subject to the schedules, conditions and stipulations therein, except as modified by the provisions hereof.

## Discussion

Under New Jersey law, the title to the mortgage is nor marketable. Marketable title has also been defined as a title free from reasonable doubt, that which a reasonable buyer would be willing to accept, or which is "salable." *Bier v. Walbaum*, 102 N.J.L. 368, 370 (E. & A. 1926). Stated differently, title is not marketable where there is a doubt concerning either the facts or law on which it is founded. *Webster-Art Strength B. & L. Ass'n v. Armando*, 128 N.J. Eq. 219 (Ch. 1940) If it is reasonably probable that the purchaser would be exposed to litigation not of a frivolous nature concerning the title, or would have to bring an action to quiet title, then specific performance would be denied to the prospective seller and the title would be considered unmarketable. *Tillotson v. Gesner*, 33 N.J. Eq. 313, 326-327 (E. & A. 1880); *Gaub v. Nassau Homes, Inc.*, 53 N.J. Super. 209, 223 (App. Div. 1958). Perhaps we can agree that no one will purchase a mortgage against which third parties assert adverse claims.

It appears from Chicago Title's own investigations that the insured mortgage and assignment are vested other than as stated in the Policy; contain defects in title; and are unmarketable, invalid and unenforceable. In addition, Insurer's due diligence verification is defective. In its endorsement dated May 25, 2005, Chicago Title "verified, through it due diligence ... that the amount currently due and owing upon the subject mortgage, herein stated, with respect to the subject premises noted in this commitment is no less than $3,000,000.00". Accordingly, Insurer's own verification establishes the damages in this matter in that sum.

Peter Strojnik                              Page 4                              7/2/2007

*Demand*

None of the exceptions to coverage are applicable.  The damage to the insured is
$3,000,000.00; however, in light of the limit of liability, insured makes a demand in the
sum of $2,000,000.00. Pursuant to paragraph 11 (b), insofar as "the extent of the loss or
damage has been definitively fixed",  please make payment within 30 days of this letter.
Thank you in advance for your courtesy.

Very Truly Yours,

Peter Strojnik

PJS: ps
Encl.: Affidavit of Steven Stucker
CC:  Client *by e-mail only*

06/29/2007 13:16 FAX  775 884 1938        LAW OFFICE                    ☎0001/0001

## AFFIDAVIT OF STEVEN STUCKER

I, Steven Stucker, make the following affidavit based on my information, memory and belief:

1. I am the manager of Sky Land Investments, LLC. I am over the age of 18 and competent to make this Affidavit.

2. I am duly authorized by Sky Land Investments, LLC as insured to make this Affidavit in connection with a claim against Chicago Title Policy Number 72107-2576598.

3. I make this Affidavit pursuant to Paragraph 5 of the Conditions and Stipulations of the Chicago Title Policy Number 72107-2576598.

4. The mortgage and/or assignment which are the subject matter of the Chicago Title Policy Number 72107-2576598 are defective and unmarketable.

5. The loss or damage that Sky Land Investments, LLC has sustained as a result of the defects and unmarketability of the mortgage and/or assignment is no less than $3,000,000.00, the sum of money that Chicago Title has verified to be due on said mortgage in its May 25, 2005 endorsement.

6. Some but not necessarily all of the reasons and bases for this claim are stated in the letter from Sky Land Investments, LLC's counsel, Peter Strojnik, Esq. to Chicago Title Insurance Company and Mr. Michael O'Donnell accompanying this Affidavit.

FURTHER THE AFFIANT SAITH NOT

_____          6/29/07
Steven Stucker                   Date

County of ~~Maricopa~~ Carson    )
                                 ) ss
State of ~~Arizona~~ Nevada      )

Subscribed and sworn to before me this 29th day of June, 2007.

_____
Notary Public

TERI NORGROVE
NOTARY PUBLIC
STATE OF NEVADA
No.02-75876-3 My Appt. Exp. June 21, 2010