UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SKY LAND INVESTMENTS, LLC,** | : |
| | :Civil Action No. 07-5844(KSH) |
| **Plaintiff,** | : |
| | : |
| v. | :ORDER ON INFORMAL APPLICATION |
| | :& AMENDED |
| | :<u>PRETRIAL SCHEDULING ORDER</u> |
| **CHICAGO TITLE INS. CO.,** | : |
| | : |
| **Defendant** | : |
| | : |

**THIS MATTER** having come before the Court for a telephone conference on the record on June 25, 2008; and the parties advising the Court that they are participating in a private mediation on July 1, 2008 and that time is needed to present certain unresolved disputes that have arisen as a result of the production of documents from non-parties if the mediation is not successful; and the parties further advising the court that they seek an extension of the expert discovery deadlines so that they do no incur expert expenses before the mediation; and for the reasons discussed on the record on June 25, 2008; and for good cause shown,

**IT IS on this 25th day of June, 2008,**

**ORDERED THAT:**

1. The request to extend the deadline to raise unresolved discovery disputes, to complete expert discovery, and to assert the advice of counsel defense is granted as set forth herein;

2. No later than **July 8, 2008**, the defendant shall advise the plaintiff if defendant intends to rely on the advice of counsel.

**IT IS FURTHER ORDERED:**

**I. COURT DATES**

1.      There shall be a telephone status conference before the undersigned on **to be set.** Plaintiff shall initiate the telephone call.

3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **November 6, 2008 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the

requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

    4.    Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed.**

    5.    Discovery necessary to engage in meaningful settlement discussions: responses to interrogatories and document demands deposition of Gregory Crane and will be produced by **deadline passed.**

    6.    The parties may serve interrogatories limited to **deadline passed** single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed.**

    7.    The number of depositions to be taken by each side shall not exceed **15**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **September 15, 2008**.

    8.    Fact discovery is to remain open through **September 15, 2008**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

    9.    Counsel shall confer in a good faith attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a joint letter that sets forth: (a) the request, (b) the response; © efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

    No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

    Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed, except those disputes that became known as a result of documents that non-parties produced and disputes with non-parties, which shall be presented no later than July 31, 2008** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

    10.    Any motion to amend pleadings or join parties must be filed by **deadline passed.**

    11    All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a. Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b. Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u> The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III. EXPERTS

12. All affirmative expert reports shall be delivered by **July 31, 2008.**

13. All responding expert reports shall be delivered by **August 31, 2008**.

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **September 22, 2008**.

### IV. FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **November 6, 2008 at 10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the undersigned no later than **October 28, 2008 at 4:00 p.m**. All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V. MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

        s/Patty Shwartz
        **UNITED STATES MAGISTRATE JUDGE**